Yeatman, Shields & Co. *v.* Bellmain.

YEATMAN, SHIELDS & CO. *v.* HONORA BELLMAIN.

1. MARRIED WOMAN. *Abandonment of. Her rights and obligations.* Where the husband is dissipated, lives apart from the wife, and contributes nothing to her support, and the wife is engaged in business on her own account, this is such an abandonment, within the spirit of the statute, as will enable the wife to contract and to sue and be sued in her own name.

2. SAME. *Judgment against not void.* The general rule is, the contract of a married woman is void, but if she be sued upon her contract and suffer judgment, the judgment is not void.

3. SAME. *Separate estate. Power to sell. Proceeds.* Where a married woman has a separate estate in realty, with power to sell, without restriction upon her right to dispose of the proceeds when she sells, her creditor may reach the proceeds.

FROM DAVIDSON.

Appeal from the Chancery Court at Nashville. W. F. COOPER, Ch.

J. C. BRADFORD and G. P. THRUSTON for compl'nts.

J. P. HELMS for defendant.

McFARLAND, J., delivered the opinion of the court.

The complainants obtained a judgment against the defendant, Honora Bellmain, before a justice of the peace, which they were unable to collect by execution, and accordingly file this bill to have satisfaction of certain notes executed and payable to said defendant by Nelson Walker, which notes were given for the purchase of a house and lot in Nashville.

The defense principally relied upon in the answer is, that the defendant Bellmain was at the time the debt was contracted, and at the rendition of the justice's judgment, and still remains, a married woman, and that she was not liable on her contract or subject to suit without joining her husband.

The facts are, that Mrs. Bellmain is a married woman—was married about 1847. She carried on, in her own name, a small store or millinery business in Nashville since about 1858, with some intervals, down until shortly before the filing of this bill, the 3d of May, 1871, when she removed to Kansas, where she has since been in business. It appears that her husband was with her in Nashville, at least part of the time, until during the early part of the late war, when he went South. He returned towards the latter part of the war, and remained until 1866 or '67, when he again left, going South, and they have not been living together since. She says he was at Meridian, Mississippi, at the beginning of this suit. She claims that he has not abandoned her, that they remain apart principally because his business calls him South, where the climate injuriously affects her health. But it appears that the husband is a man of dissipated habits, and does not support his family. Mrs. Bellmain has been compelled to depend entirely upon herself, and has accordingly carried on business in her own name, and purchased goods from the complainants and others, and has ordered and received goods from the complainants since her removal to Kansas. She has brought and defended quite a number of suits

in her own name. While it appears that she and
her husband occasionally correspond, it does not appear with any certainty that they ever propose to live
together again, although his letters contain some general expressions of that sort. They do not, in fact,
maintain towards each other the usual relations of
man and wife.

The facts, in our opinion, constitute such a desertion of his family by the husband as to authorize the
wife to sue and to be sued in her own name for any
cause of action accruing subsequent to the desertion,
under the provisions of sec. 2805, which is in these
words: "Where a husband has deserted his family,
the wife may prosecute or defend in his name any
action which he might have presented or defended.
She may also sue and be sued in her own name for
any cause of action accruing subsequently to such desertion." Probably this statute simply enacts a rule
established by the authority independently of it. See
upon this subject the opinion of Chancellor Cooper,
reported in 1 Tenn. Ch. R., 589.

This case is within the spirit of the statute. The
wife was practically deserted and left to make her own
support. To do this, she engaged in business in her
own name—bought and sold goods. In such cases
the law will afford the wife the remedies and protection necessary to enable her to carry on her business
for the support of herself and family. If this were
a suit by Mrs. Bellmain to enforce the payment of
debts due her growing out of her business, the court
could not repel her upon the ground of her coverture.

The same rule must apply when the suit is against her. The claims of the complainants originated subsequent to the separation.

The *dicta* referred to in several of our reported cases must, be understood as simply announcing the general rule that a *feme covert* cannot bind herself by a personal contract or be sued thereon. This court has, however, more recently held, that if a married woman be sued at law and fail to plead her coverture, the judgment against her is not void.

Holding as we do, that Mrs. Bellmain's coverture is no defense to this suit, we think there can be no serious doubt as to the complainants' right to satisfaction of the notes or debts attached..

A house and lot was conveyed to a trustee for the sole and separate use of Mrs. Bellmain, with power, however, for her to sell or dispose of the same by will, and with no limitation upon her right to dispose of the proceeds in case of sale. She did sell, and the effect of the decree below is to reach part of the purchase money secured by notes payable to her with a lien on the land.

We see no error in the decree, and it will be affirmed with costs.